PJR/tab       Code No. 141       File No. 5574-24804

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LISA SCANDORA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 05 C 1206 |
| | ) | |
| VILLAGE OF MELROSE PARK, and | ) | Judge Kennelly |
| VITO R. SCAVO, Individually, | ) | |
| Defendants. | ) | |

RECEIVED

MAY 2 7 2005

MICHA... ...INS
CLERK, U....

FILED
MAY 31 2005
MICHAEL... ...
CLERK... DISTRICT COURT

## DEFENDANT VILLAGE OF MELROSE PARK'S MOTION FOR SUMMARY JUDGMENT DIRECTED TO COUNT III OF THE PLAINTIFF'S AMENDED COMPLAINT

NOW COMES the Defendant, THE VILLAGE OF MELROSE PARK, by its attorneys, DOWD & DOWD, LTD., and pursuant to FRCP 56, moves this court for entry of an order granting it summary judgment as to Count III of the amended complaint. In support thereof, the Defendant states as follows:

1.     Plaintiff has filed this action seeking relief for discrimination on the basis of sex (Count I), retaliation (Count II), and retaliation for pursuing worker's compensation (Count III). A review of the complaint shows that the state law retaliation claim was not timely filed and thus the Village is entitled to summary judgment.

2.     745 ILCS 10/8-101 provides as follows:

> No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action was accrued.

3.    Under Count III, the plaintiff attempts to state a claim for retaliatory discharge. She claims the Village retaliated against her after she filed a claim for worker's compensation benefits and also "engaged her own counsel" to pursue that claim (See paragraph 1 of Defendant's 56.1(a) statement).    Plaintiff was terminated on December 23, 2003 (See paragraph 2 of Defendant's 56.1(a) statement). She appeared at the police station on December 24, 2003 to turn in her badge to Sergeant Zito.    (See paragraph 3 of Defendant's 56.1(a) statement.) Although Ms. Scandora was terminated on December 22, 2003, she did not file her original complaint until March 1, 2005, some fifteen months after she was terminated (See paragraph 3 of Defendant's 56.1(a) statement).

4.    Summary judgment is proper where the pleadings, depositions and answers to interrogatories show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Under the Illinois Local Governmental Tort Immunity Act, civil actions against a local governmental agency or employee must be commenced within one year from the date the cause of action accrued.  Valentino v. Hilquist, 337 Ill.App 3d 461, 785 N.E. 2d, 891(1st District 2003).  A retaliatory discharge claim against a municipality is a tort action within the meaning of the Tort Immunity Act and is thus subject to the Act's one-year statue of limitations.  Halleck v. County of Cook, 264 Ill.App 3d 887, 637 N.E. 2d 1110 (1st District 1994).  Since the plaintiff was terminated on December 22, 2003, the statute of limitations on any state law retaliatory discharge claim necessarily ran on December 22, 2004.  In view of the plaintiff's failure to file

within the one-year limitations period, the Village is entitled to summary judgment as to Count III of the plaintiff's amended complaint.

WHEREFORE, the Defendant, VILLAGE OF MELROSE PARK, prays for an entry of an order granting it summary judgment as to Count III of Plaintiff's amended complaint with prejudice and for any additional relief the court deems proper.

DOWD & DOWD, LTD.

By: _____
Attorney for Defendant,
VILLAGE OF MELROSE PARK