PJR/tab       Code No. 141       File No. 5574-24804

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LISA SCANDORA, <br> Plaintiff, <br><br> vs. <br><br> VILLAGE OF MELROSE PARK, and <br> VITO R. SCAVO, Individually, <br> Defendants. | ) <br> ) <br> ) <br> ) 05 C 1206 <br> ) <br> ) <br> ) <br> ) |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S INTERROGATORIES

NOW COME the Defendants, VILLAGE OF MELROSE PARK and VITO R. SCAVO, by their Attorneys, DOWD & DOWD, LTD., and in response to Plaintiff's interrogatories, state the following:

1. Identify and state the reason for the termination and any pretermination discipline imposed upon plaintiff and for each such reason identify:

    a. All persons having knowledge or claiming to have knowledge of such reason and state the nature of the knowledge claimed by such person;

    b. All documents referring or relating to such reason;

    c. Identify any person whom defendants contend were disciplined or terminated for similar reasons or actions including all documents referring or relating to such persons and identification of any person having or claiming to have knowledge of such discipline or termination.

**ANSWER:** **Plaintiff was fired for repeatedly violating general order no. 02-002-0011 (See attached documents).**

   a. **Sergeant DiMaio; Plaintiff; Chief Vito Scavo; Officer Rinella, Civilian employees Arrellano, Williams and Caputo; Desk Officer Corter (See Defendants' 26(a) disclosures).**

   b. **See attached documents.**

Exhibit A-1

    c.    **Objection. The interrogatory is overly broad, vague, and unlimited in time and scope. Without waiving said objection, Defendant is unable to answer this interrogatory at the time due to the fact that the FBI is in possession of the necessary documents which are required to answer this question.**

2. Identify the reasons Scandora was ordered to return to work and include in such response:

 a. Identify all persons having or claiming to have knowledge of such order, the assignment Scandora was given and Scandora's performance in such assignment;

 b. Identify all documents referring or relating to such return to work order and assignment;

 c. Identify all persons, if any, employed by the Village of Melrose Park who were similarly ordered returned to work following an on duty accident and for each such person identify all persons having knowledge of such order and all document relating thereto.

**ANSWER:** **Scandora was not ordered to return to work. Scandora's own physician indicated that she could return to light duty on December 2, 2003 (See attached). As for subparagraph c, Defendant objects in that it is overly broad and unlimited in time and scope. Additionally, it is irrelevant inasmuch as Defendant was not ordered to return to work but directed to return to work on a light duty basis by her own physician (See attached).**

3. Identify any occasion on which the Mayor, or Board of Police and Fire Commissioners reviewed any disciplinary action or termination decision of Chief Scavo from 2000 to the present and for each such occasion;

 a. Identify all persons having or claiming to have knowledge of such action or termination;

 b. Identify any and all documents referring or relating to such review.

**ANSWER:** **Inasmuch as Scandora was a probationary officer, the disciplinary action directed against her was not subject to review by the mayor or Board of Police and Fire Commissioners. As such, Interrogatory #3 seeks information that is irrelevant, immaterial and not calculated to lead to discovery of admissible evidence.**

4. Identify any person hired by the Village of Melrose Park as a probationary police officer from 2000 to the present and for each such person state and identify;

   a. The person who made the decision to hire such individual;

   b. Identify any other candidates for hire and the reasons such candidates were not selected;

   c. Identify any and all documents referring or relating to such hiring decision;

   d. State such person's current position, if any, with the Village of Melrose Park.

**ANSWER:** **Defendant is unable to answer this interrogatory at the time due to the fact that the FBI is in possession of the necessary documents which are required to answer this question**

Respectfully Submitted,

DOWD & DOWD, LTD.

By: _____

Attorneys for Defendants,
VILLAGE OF MELROSE PARK and VITO SCAVO

I, _____, first being duly sworn on oath, deposes and states that I have read the foregoing answers to interrogatories and the same are true and correct to the best of my knowledge and beliefs.

_Gary Montino_

SUBSCRIBED and SWORN before me on this 26th day of October, 2005.

_Connie Vaughn_

OFFICIAL SEAL
CONNIE VAUGHN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3-18-2006

PJR/tab                    Code No. 141                    File No. 5574-24804

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LISA SCANDORA, ) | |
|        Plaintiff, ) | |
| ) | |
| vs. ) | 05 C 1206 |
| ) | |
| VILLAGE OF MELROSE PARK, and ) | |
| VITO R. SCAVO, Individually, ) | |
|        Defendants. ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION

NOW COME the Defendants, VILLAGE OF MELROSE PARK and VITO R. SCAVO, by their Attorneys, DOWD & DOWD, LTD., and in response to Plaintiff's request for production, state the following:

1. Any and all document referring to the plaintiff Lisa Scandora, including all correspondence, communications, attendance or performance records, payroll records, records concerning any medical absence or disability, any accident records, and including any and all records referring or relating to her hiring, performance, discipline and termination.

**ANSWER:** See Defendant's 26(a) disclosure.

2. Any and all insurance policies, declarations pages, reservation of rights letters, if any, or other documents referring or relating to any insurance policy applicable or potentially applicable to the present action including but not limited to any employment practices liability policies.

**ANSWER:** **Scottsdale Insurance policy #PEI0004463. Liability limits under the employment practices liability coverage form: $1,000,000 for each wrongful act and $1,000,000 annual aggregate.**

Exhibit A-2

3. Any and all documents referring or relating to any automobile accident involving sworn police personnel of the Village of Melrose Park from 2002 to the present including but not limited to:

   a. Any and all documents referring or relating to any investigation of such accident or incidents;

   b. Any and all documents referring or relating to the attendance, disciplinary and assignments of any officers involved in such accidents for the period six months prior to the accident through the period six months following their return to duty;

   c. Any and all documents referring or relating to any leave of absence of any such sworn officer referring or relating to such accident or incident;

   d. Any and all documents referring or relating to any compensation paid to such officer during the period six months before such incident and through the period six months following their return to duty;

   e. Any and all documents referring or relating to any compensation paid to such officers by or on behalf of the Village of Melrose Park referring or relating to such accident or incident.

**ANSWER:** **See attached documents.**

4. Any and all documents referring or relating to any person hired by the Village of Melrose Park as a probationary police officer from 2001 to the present, including such individuals applications, disciplinary, attendance, and performance records.

**ANSWER:** **Request #4 is overly broad, unduly burdensome and not calculated to the lead to the discovery of admissible evidence. Without waiving said objection, Defendant is not in possession of these documents due to an FBI search warrant therein they took possession of said documents.**

5. Any and all documents referring or relating to any person terminated by the Village of Melrose Park from a sworn position in the Police Department of such Village from 2001 to the present.

**ANSWER:** Defendant is not in possession of these documents due to an FBI authorized search warrant therein they took possession of said documents.

6. Any and all documents referring or relating to any complaint or charge of discrimination by any employee or applicant for employment with the Village of Melrose Park department of police from 2000 to the present.

**ANSWER:** Defendant is not in possession of these documents due to an FBI authorized search warrant therein they took possession of said documents.

7. Any and all documents referring or relating to policies or procedures of the Village of Melrose Park in force and effect from 2002 to the present referring or relating to:

   a. retention of documents;

   b. complaints of discrimination;

   c. Authority of the Mayor, Chief of Police, Board of Police and Fire Commissioners with regard to employment within the police department.

**ANSWER:**

a. **Objection, vague. Investigation continues.**

b. **Objection, vague. Investigation continues.**

c. **Defendant objects to subparagraph c inasmuch as Plaintiff was a probationary officer and thus any disciplinary action taken to her was not reviewable by the mayor or the Board of Police and Fire Commissioners.**

8. Any and all documents referred to, identified in or relied upon in your response to plaintiff's first set of interrogatories.

**ANSWER:** **Any and all documents referred to, identified or relied upon in response to Plaintiff's first set of interrogatories (See documents attached to Plaintiff's first set of interrogatories as well as those documents produced in Defendant's Rule 26(a) disclosure.**

9. Any and all documents referring or relating to any reports submitted to any unit of government relating to the employment of women in the Police Department of the Village of Melrose Park from 2002 to the present.

**ANSWER:** **Objection, vague. None at this time.**

10. Any and all statements of any person having or claiming to have knowledge of the employment or termination of employment of the plaintiff by the Village in your possession, custody or control.

**ANSWER:** **See previous Rule 26(a) disclosure and production request answers.**

Respectfully Submitted,

DOWD & DOWD, LTD.

By: _____
Attorneys for Defendants,
VILLAGE OF MELROSE PARK and VITO SCAVO