PJR/tab  Code No. 141  File No. 5574-24804

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LISA SCANDORA, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 05 C 1206 |
| ) | Judge Kendall |
| VILLAGE OF MELROSE PARK, and ) | Magistrate Shenkier |
| VITO R. SCAVO, Individually, ) | |
| Defendants. ) | |

**DEFENDANTS VILLAGE OF MELROSE PARK and VITO SCAVO'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

NOW COME the Defendants, THE VILLAGE OF MELROSE PARK and VITO SCAVO, by their attorneys, DOWD & DOWD, LTD., and in response to Plaintiff's motion to compel, state as follows:

1. Plaintiff's motion is preceded a lengthy background section that is, to say the least, inaccurate, misleading and self-serving. Scandora does not claim that she was subjected to discrimination with respect to hiring. Rather, she claims she was fired because she allegedly complained about the sexist comments she attributes to Sergeant Dino DiMaio. Interestingly, Plaintiff did not elect to sue Sergeant DeMaio and any attempt to bring him into this lawsuit would necessarily be barred by the two-year statue of limitations. At no point during the course of this litigation has the plaintiff ever claimed that the defendant discriminated against her or other women during the hiring process. Indeed, the original complaint included a state law claim for retaliatory discharge (See Exhibit A).

2. Next Plaintiff offers a one-sided and ultimately meaningless statement of her position in this litigation (See page 2 of the plaintiff's motion). Exactly how this position statement has any relevance to the plaintiff's motion to compel is not explained.

3. At page 3, Scandora states that "personnel files of other employees is the same department reporting to the same decision maker are part of the documents and materials that are routinely requested and disclosed in discrimination cases". Scandora neglects to mention that her attorney obtained copies of the relevant personnel files some 10 months ago when she submitted the Federal Bureau of Investigation and asking them to provide copies of files its agents removed from the Village of Melrose Park in September of 2005. Scandora's counsel neglected to serve defense counsel with a copy of the subpoena and thus defendants are not in a position to attach this subpoena to their response. To date, Ms. Malone has failed to offer any explanation for her failure to provide notice of the subpoena to defense counsel. Accordingly, her contention that defense counsel "ought to have moved for a protective order asking to either redact certain limited information or limiting the persons who would have access to these documents" is disingenuous. Ms. Malone obtained the documents before defense counsel could object to her subpoena.

4. In part 3 of the motion, Plaintiff complains about defense counsel's failure to provide responsive answers to various interrogatories. It

        should be noted that these interrogatories and production requests were answered approximately 10 months ago. Prior to filing this motion, Plaintiff's counsel never consulted with the undersigned or otherwise complained about the content of Defendants' responses. Until this motion was filed, Ms. Malone never advised the undersigned that she was dissatisfied with Defendants' responses to Plaintiff's interrogatories and never asked defense counsel to update those responses. Similarly, Ms. Malone never discussed any of the objections Defendants raised to the information sought in both the interrogatories or the production requests (See Affidavit of Patrick J. Ruberry attached hereto as Exhibit B).

5. With respect to the supplemental production requests, Defendants have objected to that request and have indicated that a net worth statement will be provided in the event the issue of punitive damages is submitted to the jury (See Exhibit C attached hereto).

6. Next, Plaintiff states "a final supplemental interrogatory was served and corresponding request for production". Contrary to what is contained in the motion to compel, Defendants do dispute the relevance of those requests. Exactly what "anger management counseling" has to do with Scandora's claims remain unexplained. Scandora does not claim that she was selectively subjected to angry outbursts, yelled at or otherwise subjected to Sergeant DiMaio's wrath. Rather, she claims

that she was forced to overhear various sexist comments made by Sergeant DiMaio.

7. Next, Plaintiff complains about depositions she allegedly noticed but failed to attach any of the notices which she claims Defendants ignored. She claims that the depositions of Lieutenant Caliendo, Officer Rinella and Officer Kluger were noticed months ago. Defendants beg to differ. As for Officer Rinella, he was disclosed as a witness in this case in August of 2005 (See Exhibit D). Likewise, Plaintiff herself disclosed Lieutenant Caliendo as a witness several months ago (See Plaintiff's answers to interrogatories propounded by the Village of Melrose Park attached hereto as Exhibit E, pages 5-6).

8. As the court undoubtedly knows, discovery in this case is set to close on July 24, 2006. This is not so much a motion to compel but rather an attempt by Plaintiff's counsel to extend the discovery deadline, albeit an extension that benefits the plaintiff only. Plaintiff's counsel gives up the game in the final paragraph of her motion when she asks this court to "order the defendants to produce all persons previously noticed for their deposition within 14 days following such production". The persons who were "noticed for their deposition" are neither identified nor even alluded to.

9. Given Scandora's obvious failure to comply with Rule 37.2, this motion should be stricken on its face.

WHEREFORE, the defendants, VILLAGE OF MELROSE PARK and VITO SCAVO, pray for entry of an order denying Plaintiff's motion to compel and for any additional relief the court deems proper.

                                        DOWD & DOWD, LTD.

                            By:     Patrick J. Ruberry_____
                                          Attorney for Defendants,
                                          VILLAGE OF MELROSE PARK
                                          and VITO SCAVO

## **CERTIFICATE OF SERVICE**

I, an attorney, state Defendants' response to Plaintiff's motion to compel was served electronically to all law firms of record via ECF on July 18, 2006.

By: /s/ Patrick J. Ruberry
Attorney for Defendants

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL  60661
Tx:  312/704-4400
Fx:  312/704-4500