PJR/tab　　　　　Code No. 141　　　　　File No. 5574-24804

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LISA SCANDORA, | ) | |
| 　　　　Plaintiff, | ) | |
| | ) | |
| vs. | ) | 05 C 1206 |
| | ) | |
| VILLAGE OF MELROSE PARK, and | ) | Judge Kendall |
| VITO R. SCAVO, Individually, | ) | |
| 　　　　Defendants. | ) | |

### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSE TO THEIR RULE 56.1(a) STATEMENT OF FACTS

NOW COME the Defendants, THE VILLAGE OF MELROSE PARK and VITO SCAVO, by their attorneys, DOWD & DOWD, LTD., and move this court for entry of an order striking certain responses contained in Plaintiff's Response to Defendants' Rule 56.1(a) statement of facts. In support thereof, Defendants state as follows:

1. Local Rule 56.1(b)(3)(A) requires a non-moving party to file a concise response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the records, and other materials relied upon.

2. The purpose of Rule 56.1 is to assist the court in determining the undisputed and disputed material facts of summary judgment and the failure of a non-moving party to adhere to its requirements is the same as admitting the movant's case. Malec v. Stanford, 191 F.R.D.581, 584 (N.D.Ill.2000). L.R.56.1(b)(3)(A) requires citations to specific evidentiary materials justifying the denial. Id. The court is not obliged to scour the record looking for factual disputes. Waldridge v. American Hoechts Corp., 24 F.3d 918, 922 (7th Cir.1994).

1

3. A Local Rule 56.1 response is not the proper forum for making argumentative or conclusory denials. Malec, 191 F.R.D. at 584. To the extent that a plaintiff's responses do not conform to Local Rule 56.1, they may not be considered by the court. Bradley v. Work, 151 F.3d 704, 707 (7th Cir.1998) (evidentiary materials containing inadmissible hearsay, lay opinion, speculation and conclusions submitted in briefing a summary judgment properly stricken). See also Waldridge, 24 F.3d at 920-23.

4. A non-movant's response to the movant's Rule 56.1 statement is not a proper means of presenting additional facts. Malec, 191 F.R.D. at 584.

5. The following paragraphs contained in Scandora's response must be stricken inasmuch as they do not conform to the local rules.

> Paragraph 2. During the period in which she worked part-time, Scandora thought the work environment was good (See paragraphs 37-38 of Scandora's deposition testimony).
> Response: Admitted. During that time, Scandora had very limited interaction with DiMaio (Exhibit A, Scandora dep 7-14, p.11-12).

Plaintiff's response to paragraph 2 should be stricken and the paragraph deemed admitted inasmuch as Scandora has seen fit to raise additional facts, i.e. "Scandora had very little interaction with DiMaio".

6. Paragraph 8. Between March, 2003 and December of 2003, Sergeants Sarni and DiMaio and Lieutenant Potomianos served as Scandora's shift supervisor (See p.116 of Scandora's deposition testimony).
Response: Denied. Between March 2003 and June 2003, Scandora reported to her field training officer. Between October, 2002 and August, 2003, DiMaio had been officially removed from the position of line supervisor and was acting as the station supervisor due to an anger management problem (Exhibit C, DiMaio dep pages 37-38, 46-47). A station supervisor is responsible for the prisoners and what occurs in the station, not the street (Exhibit B, Scavo deposition, p.20, lines 1-15, p.39, lines 1-10). In that time period, Scandora's performance reviews were prepared by Sergeant Sarni (Exhibit C, DiMaio deposition, p.13-18, Sarni deposition 52-53). Although

officially removed from the position, DiMaio continued to act as a "shift supervisor" (Exhibit A, Scandora paragraph 14).

Paragraph 8 of Defendants' statement of facts comprises one sentence and conforms with both the letter and spirit of Rule 56.1. Nevertheless, Scandora offers an argumentative filibuster that is evasive, contentious and raises a number of "facts" that are irrelevant (anger management problems, duties of station supervisors and DiMaio's alleged removal from the position of shift supervisor). This court's standing order limits a non-movant's statement of additional facts to 40 paragraphs. It is patently obvious that Scandora is using her response as a means of evading the limitations set forth in the court's standing order. For that reason alone, her response to paragraph 8 should be stricken and that matter deemed admitted.

7. Paragraph 11 of Defendants' statement of facts states as follows:

> Paragraph 11. During this alleged conversation with Chief Scavo (pertaining to shift transfer), Scandora did not tell Chief Scavo that DiMaio was subjecting her to sexist behavior or sexist comments (See pages 119-120 of Scandora's deposition testimony)
> Response: Scandora testified that she began to tell Chief Scavo about the comments of DiMaio in a continuing nature and the chief cut her off and told her that transfers were coming (Scandora dep 714-206, p.42-44). Scavo denies the conversation (Exhibit B, Scavo deposition p.88).

At pages 119-120 of her deposition, Scandora equivocally states that she did not tell Chief Scavo that DiMaio was subjecting her to sexist behavior and sexist comments. Rather than admit that obvious, Plaintiff suggested to the court that she was "cut off" by Chief Scavo. Whether or not she was cut off, the fact remains that she did not tell Chief Scavo about the alleged "sexist comments" and

3

  thus Scavo was unaware of them. This response is irrelevant, argumentative and should be stricken and paragraph 11 deemed admitted.

8. In paragraph 13, the Defendants assert the following:

> Paragraph 13. On March 19, 2003, Sergeant DiMaio wrote Scandora up for failing to respond to his request for back up (See pages 130-135 of Scandora's deposition testimony and Exhibit A attached hereto).
> Response: Plaintiff admits that the write-up occurred on the date stated but denies the remainder. On March 19, 2003, DiMaio wrote Scandora up for allegedly being unable to locate him when he gave her an incorrect location (Exhibit A, Scandora deposition 131, line 1-24). Scandora headed to where he said he was, could not find him and another officer told her to disregard the call (Scandora deposition page 133, line 3 to page 134, line 17, Scandora deposition page 136, lines 5-24).

Plaintiff was simply asked to acknowledge and admit that she was written up by Sergeant DiMaio on March 19, 2003. Rather than admit that accuracy and truthfulness of her own testimony, Scandora has seen fit to mislead and confuse in an obvious attempt to dispute the write-up. She does this even though paragraph 13 does not concern the merits of the write-up but simply asks her to acknowledge that it occurred. Accordingly, Plaintiff's response to paragraph 13 should be stricken and the paragraph deemed admitted.

9. Paragraph 19 of Defendants' statement of additional facts asserts the following:

> Paragraph 19. In late November of 2003, Scandora approached Angela Williams and asked her for a copy of the 911 audiotape that was generated in connection with Scandora's November 16, 2006 accident (See pages 16-17 of Arellano's deposition testimony, p.119-120 of DiMaio's deposition testimony).
> Response: Denied in part. Admit that conversation occurred in late November. Arellano received a note from Williams that Scnadora was asking about the audiotape. Arellano informed the chief of the request (Exhibit G, Arellano deposition testimony p.18-19). Arellano never spoke to DiMaio about this (Exhibit G, Arellano deposition, p.19, 119, page 20-15).

4

Not only does Scandora raise additional "facts", she also fails to admit or deny whether Scandora in fact approached Angela Williams and asked her for a copy of the 911 tape. Given this obvious evasion, paragraph 19 should be deemed admitted for that reason alone. Additionally, as she is wont to do, Scandora raises a number of assertions that have nothing to do with the matter set forth in paragraph 19 (I.e. Arellon never spoke to DiMaio about this). As a result, the response to paragraph 19 should be stricken and the paragraph deemed admitted.

10. Paragraph 25 contains a single assertion and yet Plaintiff responds in a manner that is argumentative and evasive:

> Paragraph 25. Sergeant DiMaio contacted Scandora and advised her that she was not allowed to request audiotapes from civilian personnel and that any such request must be made directly to the chief.
> Response: Denied. When Scandora returned to work, Scandora called her in and handed her the December 1, 2003 "write-up" (Exhibit A, Scandora affidavit, paragraph 44). DiMaio testified that he could not remember when this alleged conversation occurred as Scandora was not on duty until December 2, 2003 shift (Exhibit C, DiMaio deposition page 123, line9 to 124, line 15). Although Scavo states he instructed DiMaio to tell Scandora to come to him, DiMaio did not do so. Id.

Paragraph 25 asserts a simple proposition: Whether or not Sergeant DiMaio told Scandora that she was not allowed to request audiotapes from civilian personnel and that any such requests must be made directly to the chief. Rather than issue a simple admission or denial, Scandora offers more evasion. Athough she denies paragraph 25, she admits that "DiMaio called her in and handed her the December 1, 2003 'write-up'". Simply because Sergeant DiMaio testified that he could not remember when the alleged conversation occurred is no basis for issuing a denial. Likewise, the statement "although Scavo states he instructed DiMaio to tell Scandora to come to him, DiMaio did not do so" amounts to a non-sequitor.

5

Once again, Plaintiff is abusing Rule 56.1 in attempting to raise additional facts within the context of her response.

11. Although paragraph 31 contains a simple assertion concerning Sergeant DiMaio's December 3rd write-up of Scandora, Scandora has again seen fit to offer nothing but argument:

> Paragraph 31. In the December 3rd write-up, Sergeant DiMaio stated that Officer Scandora had approached Officer Rinella and asked for photographs taken in connection with the accident (Exhibit E).
> Response: Denied in part. In the write-up, DiMaio stated that Scandora had spoken to Rinella after this meeting with her although Scavo and Scandora both acknowledged that the conversation with Rinella occurred before Scandora's return to duty (Exhibit B, Scavo dep, p.102, line 19-23, Exhibit A, Scandora affidavit, paragraph 41).

Although Plaintiff purports to deny paragraph 31 "in part", she does not identify which or part or parts she had admitted and which are denied. Additionally, paragraph 31 concerns the content of the write-up only. Scandora is simply asked to admit and/or deny the content set forth in the write-up. Instead of doing that, she goes off on a wild tangent and purports to recapitulate testimony offered by Chief Scavo and herself concerning a conversation with Officer Rinella. This response violates Local Rule 56.1 and should be stricken and paragraph 31 deemed admitted.

12. Paragraph 33 contains yet another one-sentence assertion of fact. Nevertheless, Scandora offers a response that is rife with evasion, argument, and inclusions of other "facts".

> Paragraph 33. On December 9, 2003, Sergeant DiMaio learned that Officer Scandora had asked desk officer Corter to stay with her in the booking room while she booked a male prisoner (See pages 23-24 of Christopher Corter's deposition and Exhibit F attached hereto).

> <u>Response</u>: Denied. Mr. Corter testified that just as other officers had in the past, Scandora requested assistance with the phone with the machine and when he could not fix the problem request that he send in another officer when available (Exhibit H, Corter deposition pages 23-25). Corter never spoke to DiMaio and only spoke to Chief Scavo about this on December 10th after Scandora had prepared and submitted her response (Exhibit H, Corter page 28). DiMaio testified that he was not sure how this came to his attention but it was not from Corter or the other dispatcher but could have been Chief Scavo himself (Exhibit C page 145, line 22 to 147, line 24).

Paragraph 33 concerns Sergeant DiMaio's December 9, 2003 memorandum. In the memorandum, Sergeant DiMaio states that he had learned that Officer Scandora had asked desk office Corter to stay with her in the booking area while she booked a male prisoner. Rather than issue a simple admission or denial, the plaintiff has elected to raise additional "facts" that are utterly non-responsive, including DiMaio's testimony to the effect that "he wasn't sure how this came to his attention but it was not from Corter or the other dispatcher but would have been Chief Scavo himself". It is undisputed that DiMaio learned of the incident in question. Plaintiff's then states that "Mr. Corter testified that just as other officers had in the past, Scandora requested assistance on the phone with the machine and when he could not fix the problem, asked that he send in another officer when available". This particular portion of the response has absolute nothing to do with what is alleged in paragraph 33. Moreover, Corter testified at page 30 that Scandora did in fact ask her to come into the lock-up (See page 30 of Corter's deposition testimony attached hereto). Since paragraph 33 simply asserts that Sergeant DiMaio learned that Officer Scandora had asked desk officer Corter to stay in the area, Plaintiff's response must be stricken and paragraph 33 deemed admitted.

13. Not surprisingly, Scandora continues her pattern of evasion and argument in her response to paragraph 34:

> Paragraph 34. On or about December 9th, Chief Scavo spoke with Mr. Corter concerning the write-up and learned that Officer Scandora had asked Corter to come into the lock-up and assist her while she booked a prisoner (See p.30 of Corter's deposition testimony and Exhibit F).
> Response: Denied. Corter stated that he only spoke to Chief Scavo about this once and it was after Scandora had prepared her write-up he told Chief Scavo that Scandora was requesting assistance with the computer - not prisoner (Exhibit H, Corter dep, p.23-24). Scavo testified that he could not recall any conversation with anyone about this document (Exhibit B, p.160-168).

Desk Officer Corter clearly and equivocally stated that he had spoken to Chief Scavo concerning the incident in which Scandora asked him to come into the lock-up and assist her (See pages 28-30 of Corter's deposition testimony). The fact that Corter "spoke only to Chief Scavo about this once" is of no moment and the statement "it was after Scandora prepared her write-up and told Chief Scavo that Scandora was requesting assistance with the computer – not the prisoner" is, to say the least, vague, non-responsive and incomprehensible. As a result, Plaintiff's response to paragraph 34 should be stricken and paragraph 34 treated as admitted.

14. In paragraph 36, the defendant simply asks Scandora to admit the accuracy of testimony she gave under oath. Instead of doing that, Scandora launches on yet another argumentative filibuster:

> Paragraph 36. Scandora admits that she has no evidence or information that indicates that Chief Scavo fired her because she complained about Sergeant DiMaio (See p.141 of Scandora's deposition testimony).
> Response: Denied. Scandora testified that DiMaio wanted her off the job because of his attitude toward women in law enforcement and her complaints and Scavo, knowing this and knowing the charges were not true, approved the reprimands and termination (Exhibit A, See Scandora dep pages 115-116, 417 pages 166-168, line 3, Scandora dep 170-171, Scandora dep p.175-76).

>Preliminarily, the response should be stricken inasmuch as the paragraph concerns evidence or information which indicates that Chief Scavo, not Sergeant DiMaio, wanted her off the job. For reasons known only to Scandora and her counsel, she did not elect to sue Sergeant DiMaio and the statute of limitations for bringing such a claim expired nearly 18 months ago. Her assertion that Scavo "knowing this and knowing the charges were not true, approved the reprimands and termination" is based on self-serving argument and speculation and thus the entire response to paragraph 36 should be stricken and treated as an admission.

15. In paragraph 39, Plaintiff is asked to acknowledge that she did not respond to Plaintiff's second request to admit facts, including paragraph 12. Plaintiff issues a denial which she supports with an affidavit authored by her counsel, Susan Malone. This particular response should be stricken inasmuch as no response was ever served and her failure to do so is underscored by her failure to attach a proof of service which shows that she did in fact respond in a timely manner (See Exhibit A). As a result, Plaintiff's response to paragraphs 39 through 42 should be stricken and those paragraphs deemed admitted.

16. Likewise, Plaintiff's response to paragraph 43 should be stricken inasmuch as the 4th request to admit was in fact served and is supported by the proper proof of service (See Exhibit B attached hereto).

17. Paragraph 65 is supported by Chief Scavo's testimony. As support for her denial, the plaintiff submits an argumentative response that raises issues of semantics. For her part, Scandora offered no evidence which indicates that Chief Scavo did not have serious concerns about Scandora's truthfulness and that the statement to

the effect is false or unreliable. As a result, paragraph 65 should be deemed admitted.

18. Finally, Scandora's response to paragraph 68 should be admitted inasmuch as Scandora does not offer testimony or evidence which contradicts the sworn testimony found at page 166 of her deposition testimony.

WHEREFORE, the defendants, VILLAGE OF MELROSE PARK and VITO SCAVO, pray that this court enter an order striking Scandora's following responses to their Rule 56.1 statement and further pray that the paragraphs of which the responses were made be deemed admitted: 2, 8, 11, 13, 14, 25, 31, 33, 34, 36, 39, 43, 65, 68.

DOWD & DOWD, LTD.

By: /s/ Patrick J. Ruberry
Attorney for Defendants,
VILLAGE OF MELROSE PARK
And VITO SCAVO

## **CERTIFICATE OF SERVICE**

I, an attorney, state Defendants' Motion to Strike Plaintiff's Response to Their Rule 56.1(a) Statement of Facts was served electronically to all law firms of record via ECF on May 11, 2007.

                By:    /s/ Patrick J. Ruberry _____
                         Attorney for Defendants

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL 60661
Tx: 312/704-4400
Fx: 312/704-4500