PJR/tab     Code No. 141     File No. 5574-24804

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LISA SCANDORA, ) | |
|         Plaintiff, ) | |
| ) | |
| vs. ) | 05 C 1206 |
| ) | |
| VILLAGE OF MELROSE PARK, and ) | Judge Kendall |
| VITO R. SCAVO, Individually, ) | |
|         Defendants. ) | |

**DEFENDANTS' MOTION TO STRIKE CERTAIN PARAGRAPHS IN LISA SCANDORA'S AFFIDAVIT**

NOW COME the Defendants, THE VILLAGE OF MELROSE PARK and VITO SCAVO, by their attorneys, DOWD & DOWD, LTD., and move this court for entry of an order striking certain paragraphs contained in Lisa Scandora's affidavit. In support thereof, Defendants state as follows:

1. Rule 56(e) states that affidavits opposing summary judgments "shall be made on the personal knowledge, shall set forth facts such as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. F.R.C.P. 56(e). Scandora's affidavit is riddled with hearsay, speculation, conclusions and other inadmissible matters. Additionally, a number of the averments are not based on her personal knowledge.

2. Paragraph 4 of the affidavit is entirely of conclusions and self-serving statements that would be inadmissible at trial. Her self-serving interpretation of the "chain of command concept" is similarly based on inadmissible speculation. Likewise, paragraph 5 consists of nothing more than self-serving conclusions and should

   also be stricken (chain of command has nothing to do with communications between officers of the same rank. . . ).

3. Paragraph 9 should be stricken inasmuch as it is based on inadmissible hearsay (another officer responded that I ought to disregard the call and he was Assistant Sergeant). At no point during the course of this litigation has the plaintiff identified "the officer who allegedly directed to 'disregard the call'". Similarly, paragraph 10 should be stricken to the extent that "but was told not to worry about this" is inadmissible. Scandora neglects to identify the declarant who allegedly told her to "not to worry about this".

4. Paragraph 14 of the affidavit states as follows:

> "Although I have now been informed that Sergeant DiMaio was restricted to being a station supervisor until August 2003, in fact, this was not the case. Sergeant DiMaio acted during such time as a street supervisor and I was never advised that his duties had been restricted or altered".

It is patently obvious that assertion is not based on Scandora's personal knowledge (I have been informed) and thus should be stricken. Additionally, it is also irrelevant and assumes facts not in evidence.

5. Paragraph 32 states as follows:

> "When Sergeant DiMaio had been gone for a few days or few weeks, I found it significantly easier to ignore his comments for the next several days or even weeks".

This averment (significantly easier to ignore comments) is conclusory as well as irrelevant.

6. Paragraph 36 should be stricken inasmuch as what Plaintiff's treating physician told her constitutes inadmissible hearsay. Likewise, paragraph 39 contains inadmissible hearsay statements attributable to Dr. Silver. Additionally, Dr.

Silver's alleged reluctance to tell her anything is, based on speculation, and is obviously conclusory rather than factual.

7. Paragraph 40 reads as follows:

> "Sometime between November 19 and November 24, 2003, I had a telephone conversation with Angela Williams, a clerical employee whom I contacted for other work reasons. I asked her whether I could listen to the audiotape of the accident or whom to ask. She said she did not know, maybe Celia Arellano and she would leave her a note. Shortly thereafter, I had a conversation with Christy Caputo asking whether there had been any answer from Celia. Because they conversations were so commonplace, I made no notes of the dates, time or what was said during those conversations".

Paragraph 40 is rife with hearsay and thus the conversations attributed to Williams, Arellano and Caputo should be stricken.

8. Paragraph 41 reads as follows:

> "While I was a [sic] therapy appointment during that same time period, I called Officer Rinella who was, I thought, in charge of accident investigation and was more senior than I. I asked him whether I could see the photographs of the accident. He said I don't know. I'll see if I can find out. I thanked him and that was the end of the conversation".

The statements Plaintiff attributes to Officer Rinella are obviously hearsay. The same can be said of paragraph 42 wherein Plaintiff refers to conversations she allegedly had with Celia Arellano as to whether "she had gotten the message" as well as Scandora's purported summary of the statement "I think she said she did not know and had referred it to the chief".

9. Paragraph 49 should be stricken inasmuch as it asserts matters that are immaterial (although it was difficult, I was able to work without incident during my duty [sic] of December 4 and 5). Scandora's state law retaliation claim was dismissed

with prejudice and she has not attempted to assert a claim for disability discrimination.

10. Paragraph 53 should be stricken inasmuch as it contains a hearsay statement attributed to one Officer Kenost ("He said he would stop by on his break but it didn't sound like something he could help with over the phone"). Paragraph 55 contains hearsay statements Plaintiff attributes to her physician ("He stated that he was again directing that I remain off work until after the surgery").

11. In paragraph 58, Scandora offers hearsay statements she attributes to Ms. Salemi and Ms. McMillan and thus should be stricken. Paragraph 59 contains the following hearsay statement:

> "Ms. Salemi told me thereafter that she had called upon the mayor and he was out of town and told her that he would deal with it upon his return".

This paragraph contains two separate hearsay statements, one attributed to Ms. Salemi and the second attributed to the mayor "told her that he would deal with it upon his return". The same can be said of paragraph 60 wherein Ms. Salemi purports to relate conversations she had with Chief Scavo. A review of the statement "he had made his decision, he would not change his mind and that I was a lier" is obviously hearsay.

12. Finally, paragraph 61 should be stricken to the extent that it contains hearsay statements attributed to Ms. Salemi "she had spoken with the mayor again" and [the mayor] that Chief Scavo or 'Vito' as they refer to him to do as he liked in his own department and there is nothing he could do".

WHEREFORE, the defendants, VILLAGE OF MELROSE PARK and VITO SCAVO, pray that this court enter an order striking the following paragraphs contained in Plaintiff's affidavit: 4, 5, 9, 10, 14, 32, 36, 40, 41, 42, 49, 53, 55, 58, 59, 60. 61.

DOWD & DOWD, LTD.

By: /s/ Patrick J. Ruberry
Attorney for Defendants,
VILLAGE OF MELROSE PARK
And VITO SCAVO

## CERTIFICATE OF SERVICE

I, an attorney, state Defendants' Motion to Strike Certain Paragraphs in Lisa Scandora's affidavit was served electronically to all law firms of record via ECF on May 11, 2007.

By: /s/ Patrick J. Ruberry _____
Attorney for Defendants

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL 60661
Tx: 312/704-4400
Fx: 312/704-4500