PJR/tab　　　　　　Code No. 141　　　　　　File No. 5574-24804

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LISA SCANDORA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 05 C 1206 |
| | ) | |
| VILLAGE OF MELROSE PARK, and | ) | Judge Kendall |
| VITO R. SCAVO, Individually, | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO STRIKE CERTAIN PARAGRAPHS IN PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

NOW COME the Defendants, THE VILLAGE OF MELROSE PARK and VITO SCAVO, by their attorneys, DOWD & DOWD, LTD., and pursuant to FRCP Rule 56.1, move this court for entry of an order striking certain paragraphs contained in Scandora's Rule 56.1(b) statement of additional facts. In support thereof, Defendants state as follows:

1.　The requirements governing the submission of materials in support of and in opposition to motions for summary judgment are set forth under Rule 56.1. On numerous occasions, the courts of this circuit have ruled that only admissible evidence may be considered in ruling on a motion for summary judgment. Russell v. Acme Evans Company, 51 F.3d 64, 68 (7th Cir.1998). In Russell, the 7th Circuit ruled that hearsay may not be considered in a summary judgment proceeding.

2.　Statements submitted pursuant to L.R. 56.1 must be short and concise and the accumulation or compounding of facts in a single paragraph is not permissible. The reasoning for this rule is simple: The inclusion of several facts in a single paragraph tends to confuse and obscure the issues. Malec v. Sanford, 191 F.R.D. 581, 583 (N.D.Ill.2000).

3. In paragraph 4, Plaintiff violates Rule 56.1 by asserting the following:

> In August or September, 2003, Scandora tried to talk to Scavo about the comments of DiMaio, after getting authorization from her Lietueannt [sic] to do so (Ex. A, Scandora aff. Par. 19, Ex. E 23-25). Shortly thereafter, an order was issued which would remove Scandora from the midnight shift under DiMaio's supervision to be effective January 2004. (Ex. A, Scandora dep.67 Pg Scavo testified he had no conversations about this which testimony Scandora disputes (Ex. B, Scavo dep. 23-29).

Paragraph 4 contains four separate assertions of "fact" and thus should be stricken for that reason alone. The fact that she "tried to talk to Scavo" is irrelevant and also requires the defendants to engage in mind reading. How can the Village ad Chief Scavo determine whether Scandora was in fact "trying to talk" to Scavo about DiMaio's comments? As a result, the defendants are left to speculate as to what Scandora was "trying to talk about".

4. Scandora continues her pattern and practice of violating Rule 56.1 in paragraph 7 with the following:

> Despite the fact that the Department had no light duty (Ex. D, Sarni dep. Pg 34), Scavo called Scandora into his office and told her that she was on "thin ice", that the accident would be the death of her and she needed to get back to work (Ex. A, Scandora aff. Par. 38, Ex F, Salemi Dep. Pg 14-15, Ex. I, Silver dep. Pg 6-8). Scavo denies this (Ex. B, Scavo dep. Pg143).

Defendants submit this paragraph should be stricken since Plaintiff herself admits that Scavo specifically denies the contents of paragraph 7. As a result, the whole exercise is rather pointless. Moreover, paragraph 7 lumps four separate assertions of "fact" and thus violates Rule 56.1. The "light duty" issue and whether she "needed to get back to work" are irrelevant since the Village was granted summary judgment as to Plaintiff's state law retaliatory discharge claim. The allegations contained in this paragraph are also irrelevant since Scandora claims that the Village discriminated against her on the basis of

her gender, without any alleged or perceived disability. To the extent that the paragraph is based on the testimony of Silver and Salemmi, it should be stricken since the testimony in question constitutes inadmissible hearsay (prior consistent statements). Scandora has not and cannot identify "similarly situated male officers who were treated were differently in connection with work-related accidents.

5. <u>Paragraph 8</u>. Scandora therefore persuaded her doctor against his better judgment to authorize a return to duty. (Ex. I, Silver dep. Ex. A, Scnadora affidavit, Exhibit A-2)

Paragraph 8 should be stricken inasmuch as it is irrelevant and immaterial to any issue raised in this lawsuit, let alone in Defendants' motions for summary judgment. The "fact" that Scandora persuaded her physician "against his better judgment" to issue a return to work order has no relevance to the issues raised in this discrimination/retaliation lawsuit.

6. <u>Paragraph 9</u>. Before Scandora's return and while she was off duty, she had informal conversations with civilian personnel and fellow officers asking whether and how she could get access to the audiotape or photos of the accident. (Ex. A, Scandora aff. Par 40-42)

Paragraph 9 should be stricken inasmuch as the "informal conversations with civilian personnel and fellow officers" are not identified and thus the conversations in question constitute inadmissible hearsay.

7. <u>Paragraph 10</u>. Such conversations are commonplace and it was recognized that such inquiries have nothing to do with the chain of command which was, at best, loosely applied at Melrose Park. (Ex. A, Scandora aff., Ex. B, Scavo Dep., pg 160-1 Ex. D Sarni dep.56, Ex. F Potamianos dep. 22-23)

In paragraph 10, the plaintiff does not assert a fact but simply states "such conversations are commonplace and was recognized that such inquiries had nothing to do with the chain of command which was, at best, loosely applied in Melrose Park". This amounts to

nothing more than self-serving commentary and is no wise factual. Additionally, the propositions set forth in paragraph 10 are not supported by the evidentiary materials cited by Scandora. With respect to Scavo's deposition testimony, the pages cited by Scandora do not, by any stretch of the imagination, support paragraph 10. As for Lieutenant Potamianos, he was asked "do police officers from time to time ask other officers what the policy and procedures are of the department?" He responded with "I imagine they do". In other words, his testimony is based on speculation. The questions and answers cited by Scandora do not concern general order 02-002-0011 and are so broadly phrased as to have no meaningful connection to the issues at hand.

8.  <u>Paragraph 11</u>. On the date of her return to duty, DiMaio presented her with a writeup which he characterized as a letter of instruction or reprimand suggesting that the conversation with the civilian employee asking for access or information was the same as having unauthorized possession of tapes or files. (Ex. A, Scandora dep., aff 44-46, Ex. C DiMaio dep. 123, 138-9)

Paragraph 11 is argumentative and includes multiple assertions of "fact". The write-up in question plainly and unequivocally advises Scandora that she violated a general order by asking a civilian employee to provide her with tapes and/or files. Under no circumstance did Lieutenant DiMaio characterize the write-up as a "letter of instruction". Scandora goes on to rewrite the memo by claiming that it contained a "suggestion". More important, Scandora's assertion that "[having] a conversation with a civilian employee asking for access or information was the same as having unauthorized possession of tapes or files". This is argumentative and is not even supported by Scandora's affidavit, let alone the deposition testimony attributes to DiMaio.

9.  <u>Paragraph 14</u>. Although Chief Scavo knew that the conversations with Rinella, Caputo and Williams predated December 1, 2003 (Scavo dep 102) and b) such conversation did not violate the chain of command (Scavo dep. 160-1), he signed the December 1 and 3, 2003 memorandum.

Paragraph 14 contains multiple assertions of "fact" and should be stricken for that reason alone. Moreover, it is vague confusing as the neither the specific conversations nor the content of the conversations in question are identified.

10. <u>Paragraph 17</u>. Such inquiries were commonplace and when Corter could not help, when another officer cam into the station, that officer provided assistance and the problem was resolved. (Ex. A, Scandora aff 50-51 Ex H corter dep.26)

Paragraph 17 should be stricken inasmuch as the assertions that are irrelevant and immaterial to any issue raised in this litigation.

11. <u>Paragraph 20</u>. After Scandora had submitted her response, (Ex. C, DiMaio dep. Ex.14) Chief Scavo called in Corter and asked him about the incident, in which interview, Corter substantially corroborated Scandora's statement. (Ex. H, Corter dep. Pg 23-25). Scavo could not recall meeting either Corter or Scandora regarding this. (Ex. B, Scavo, pg 167-8, 187)

Paragraph 20 contains multiple assertions (5) and should be stricken. Additionally, it is vague, i.e. DiMaio dep (Exhibit 14). The "response" or statement identified in paragraph 20 is not identified or otherwise attached to Plaintiff's evidentiary materials and thus defendants are incapable of determining whether "Corter substantially corroborated Scandora's statement".

12. <u>Paragraph 23</u>. When the Village Clerk asked about the firing, she was informed by the mayor that the Chief could do as he wished and Scavo told her that his decision stood and Scandora was a liar. (Ex. F Saleme dep. Pg 18-19). Scavo stated he and he alone made this decision. (Ex. B, Scavo dep. Pg 44)

Paragraph 23 violates Rule 56.1 inasmuch as it is riddled with multiple levels of hearsay. Additionally, it contains no fewer than five separate assertions of "fact".

13. <u>Paragraph 25</u>. Prior to Scandora, no male probationary police officer had ever been disciplined or suspended for asking questions of or assistance from other officers or civilian employees or for violating the chain of command. (Scavo

        dep.225-226, 229, Ex., L and N, Village response to request for interrogatories and request for production)

Paragraph 25 should be stricken inasmuch as it assumes facts not in evidence, namely that male officers violated general order number 02-002-0011. Like so many other paragraphs contained in Scandora's statement, paragraph 26 contains multiple assertions(5).

14. <u>Paragraph 28</u>. Another male probationary officer was, during his probationary period, videotaped using excessive force on a citizen. He was merely suspended for five days. (Ex. K)

Paragraph 28 should be stricken inasmuch as the "male probationary officer in question" is not identified nor has Plaintiff made any effort to authenticate "Exhibit K".

15. <u>Paragraph 30</u>. There is conflicting and disputed testimony about the actions of DiMaio and the conversations concerning it between Scandora and Scavo prior to the termination. (Ex. A pg 118-119, 7/14 dep. 19-20, 42-44, Scandora aff.28-31).

Paragraph 30 is, to say the least, confusing, vague and argumentative and thus should be stricken.

16. <u>Paragraph 31</u>. The general order precludes only unauthorized possession for tapes and files and it is undisputed that Scandora never had unauthorized possession of such tapes or files. (Def. Ex. C).

Paragraph 31 is yet another example of Scandora offering argument rather than facts and should be stricken as well.

17. <u>Paragraph 33</u>. Chief Scavo was the sole and final decision and policymaker for probationary employees of the Police Department. (Ex. B, Scavo, dep. Pg 44, Ex. F, Salemi dep pg 18-19). DiMaio testified he and Scavo discussed the fact, after the written reprimands, that Scandora was probationary and if fired at that time, would not be able to seek review. (Ex. C, DiMaio, pg 167-169)

Finally, paragraph 33 contains multiple assertions of fact and should also be stricken.

WHEREFORE, the defendants, VILLAGE OF MELROSE PARK and VITO SCAVO, pray that the following paragraphs contained in Plaintiff's 56.1(b) statement of additional facts be stricken: 4, 7, 8, 9, 10, 11, 14, 17, 20, 23, 25, 28, 30, 31, 33.

                                              DOWD & DOWD, LTD.

                    By:    /s/ Patrick J. Ruberry_____
                             Attorney for Defendants,
                             VILLAGE OF MELROSE PARK
                             And VITO SCAVO

## CERTIFICATE OF SERVICE

I, an attorney, state Defendants' Motion to Strike Certain Paragraphs in Plaintiff's Statement of Additional Facts was served electronically to all law firms of record via ECF on May 11, 2007.

By: /s/ Patrick J. Ruberry _____
Attorney for Defendants

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL 60661
Tx: 312/704-4400
Fx: 312/704-4500