PJR/tab        Code No. 141        File No. 5574-24804

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LISA SCANDORA, )<br>           Plaintiff, )<br>)<br> vs. )<br>)<br>VILLAGE OF MELROSE PARK, and )<br>VITO R. SCAVO, Individually, )<br>           Defendants. ) | 05 C 1206<br><br>Judge Kendall |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF ADDITIONAL FACTS

NOW COME the Defendants, THE VILLAGE OF MELROSE PARK and VITO SCAVO, by their attorneys, DOWD & DOWD, LTD., and submit their response to Plaintiff's statement of additional facts:

1. Between March, 2003 and August, 2003, when Scandora was assigned as the only female officer on the midnight shift, Sergeant DiMaio was supposed to be limited to supervision of the station and lockup while he underwent Village ordered counseling for anger management. (Ex. B, Scavo dep.39-42 Ex. C, DiMaio dep.39-43)

RESPONSE: Defendants have moved to strike paragraph 1. Without waiving that motion, Defendants deny inasmuch as the testimony cited by the plaintiff in no way indicates that DiMaio was "supposed to be limited to supervision of the station and lock-up while he underwent Village ordered counseling for anger management".

2. During that time, despite such titular restrictions, DiMaio made repeated sexist remarks and comments to and in the presence of Scandora. (Ex. A, Scandora affidavit, par.16, Scandora dep.73, 75, 88, 97, 112, 114, 121-2)

RESPONSE: Paragraph 2 is the subject of a separately filed motion to strike. Without waiving said motion, Defendants deny (See affidavit of Dino DiMaio attached hereto as Exhibit A, paragraphs 2-7).

3. Between Marc, 2003 and November 30, 2003, except for a disputed writeup by DiMaio, (Ex. A, Scandora aff, par. 8-10), no one criticized or had difficulty with Scandora's performance of her job duties. (Ex. D, Sarni dep. Pg 12-19, Ex.E Potamianos dep. Pg 36-7, Ex. B, Scavo dep. 62-3, 125-6)

RESPONSE: Paragraph 3 is the subject of a separately filed motion to strike. Without waiving said objection, Defendants deny.

4. In August or September, 2003, Scandora tried to talk to Scavo about the comments of DiMaio, after getting authorization from her Lietueannt [sic] to do so (Ex. A, Scandora aff. Par. 19, Ex. E 23-25). Shortly thereafter, an order was issued which would remove Scandora from the midnight shift under DiMaio's supervision to be effective January 2004. (Ex. A, Scandora dep.67 Pg Scavo testified he had no conversations about this which testimony Scandora disputes (Ex. B, Scavo dep. 23-29).

RESPONSE: Paragraph 4 is the subject of a separately filed motion to strike. Without waiving the arguments raised in said motion, Defendants deny (See Defendants' 4th request to admit facts, attached hereto as Exhibit B, as well as pp.118-120 of Scandora's deposition testimony, attached hereto as Exhibit C). Defendants admit that an order was issued transferring Scandora from the midnight shift.

5. After this, Scandora had a meeting at her request with Scavo and DiMaio in which she tried to inform Scavo that DiMaio's sexist comments were continuing. Scavo and DiMaio dispute this. (Ex. A, Scandora affidavit, para 67, Scavo 88)

RESPONSE: Defendants have filed a separate motion to strike paragraph 5. Without waiving the motion to strike, Defendants deny (See affidavit of Chief Scavo attached hereto as Exhibit D, paragraphs 2-6 and Defendants Fourth Request to Admit Facts, Exhibit B).

6.     Shortly after that meeting, Scandora was injured in a car accident on duty which was not her fault. As a result of the accident, Scandora was scheduled to be on medical leave almost exactly to the date of the scheduled shift change. (Scandora dep. Pg 256-7).

RESPONSE: Paragraph 6 is the subject of a separately filed motion to strike. Without waiving said objection, Defendants deny.

7.     Despite the fact that the Department had no light duty (Ex. D, Sarni dep. Pg 34), Scavo called Scandora into his office and told her that she was on "thin ice", that the accident would be the death of her and she needed to get back to work (Ex. A, Scandora aff. Par. 38, Ex F, Salemi Dep. Pg 14-15, Ex. I, Silver dep. Pg 6-8). Scavo denies this (Ex. B, Scavo dep. Pg143).

RESPONSE: Paragraph 7 is the subject of a separately filed motion to strike. Without waiving said objection, Defendants deny (See p.143 of Vito Scavo's deposition attached hereto as Exhibit E; paragraph 8 of Scavo's affidavit, Exhibit D; and p. 30 of Sarni's deposition testimony, Exhibit H (light duty available if requested)).

8.     Scandora therefore persuaded her doctor against his better judgment to authorize a return to duty. (Ex. I, Silver dep. Ex. A, Scnadora affidavit, Exhibit A-2)

RESPONSE:   Paragraph 8 is the subject of a separately filed motion to strike.

9.     Before Scandora's return and while she was off duty, she had informal conversations with civilian personnel and fellow officers asking whtehr and how she could get access to the audiotape or photos of the accident. (Ex. A, Scandora aff. Par 40-42)

RESPONSE: Defendants deny (See testimony of Officer Corter, pp.30-31 attached hereto as Exhibit F; testimony of Celia Arellano, pp. 16-19, 26-27 attached hereto as Exhibit G; and testimony of DiMaio, pp. 119-120, Exhibit I).

10. Such conversations are commonplace and it was recognized that such inquiries have nothing to do with the chain of command which was, at best, loosely applied at Melrose Park. (Ex. A, Scandora aff., Ex. B, Scavo Dep., pg 160-1 Ex. D Sarni dep.56, Ex. F Potamianos dep. 22-23)

RESPONSE: Paragraph 10 is the subject of a separately filed motion to strike. Without waiving said objection, Defendants deny that there were "informal conversations" (See Arellano deposition testimony, pp.16-19, 26-27, Exhibit G). Additionally, the deposition testimony cited by Scandora does not support the allegations contained in paragraph 10. See Scavo affidavit, paragraphs 6-7, Exhibit D).

11. On the date of her return to duty, DiMaio presented her with a writeup which he characterized as a letter of instruction or reprimand suggesting that the conversation with the civilian employee asking for access or information was the same as having unauthorized possession of tapes or files. (Ex. A, Scandora dep., aff 44-46, Ex. C DiMaio dep. 123, 138-9)

RESPONSE: Paragraph 11 is the subject of a separately filed motion to strike. Without waiving said motion, Defendants admit that Scandora received a written reprimand. Defendants deny the remaining allegations contained in paragraph 11 (See pp.119-121 of DiMaio's dep test, Exhibit I and copy of the reprimand, Exhibit J).

12. Scandora explained she had inquired but had not obtained documents, tapes or files. (Ex. A, Scandora aff 44-46). DiMaio disputes this but acknowledges she gave some explanation. (Ex. C, DiMaio dep. Pg 138-9)

RESPONSE: Paragraph 12 is the subject of a separately filed motion to strike. Without waiving said objection, Defendants deny (See pp.119-120 & 138 of DiMaio's deposition testimony, Exhibit I and pp.16-19, 26-27 of Arellano's testimony, Exhibit G) (Scandora denied speaking to desk supervisor Arellano about the audiotapes).

13. As she came off duty on December 3, 2003, DiMaio presented her with another writeup in which he asserted that between December 1, 2002 and December 3, 2003, Scandora had spoken to Officer Rinella about the process for obtaining access to photographs. (Ex. A, Scandora aff. 41, Ex C DiMaio dep. Pg 134-8)

RESPONSE: Paragraph 13 is the subject of a separately filed motion to strike. Without waiving the arguments raised in said motion, Defendants admit that Plaintiff was presented with a second reprimand on or about December 3, 2003 and admit that the reprimand concerns Plaintiff's attempt to obtain investigation materials from Officer Rinella. Defendants deny that the reprimand concerns inquiries concerning "the process for obtaining access to photographs" (A copy of the reprimand is attached hereto as Exhibit J).

14. Although Chief Scavo knew that the conversations with Rinella, Caputo and Williams predated December 1, 2003 (Scavo dep 102) and b) such conversation did not violate the chain of command (Scavo dep. 160-1), he signed the December 1 and 3, 2003 memorandum)

RESPONSE: Paragraph 14 is the subject of a separately filed motion to strike. Without waiving the motion to strike, Defendants deny. Page 102 of Scavo's deposition testimony does not identify any specific conversations or the dates on which the conversations took place and does not otherwise support subpart (a) of paragraph 14. As for subpart (b) concerning "such conversation did not violate the chain of command", the deposition

testimony cited does not support that proposition. Defendants admit that Scavo signed off on the memorandum.

15. Between December 4 and December 9, 2003, there were no days on which both Scandora and DiMaio worked. (Ex. A, Scandora aff. 48-49). When Scandora worked on those dates under the supervision of others, nothing unusual occurred. (Ex. A, aff.49).

RESPONSE: Paragraph 15 is the subject of a separately filed motion to strike (vagueness). Defendants deny nothing unusual happened during that time period inasmuch as Plaintiff asked Officer Corter to leave his post and assist her in the booking room (See pp.30-31 of Corter's testimony, Exhibit F).

16. On December 9, 2003, at about 12:10 in the morning, Scandora who had been assigned to work the lockup had trouble with a computer and requested assistance to resolve that problem from the dispatcher who had previously worked as a booking officer. (Ex. A, Scandora affl Par. 50), (Ex. H Corter dep.23-25)

RESPONSE: Defendants deny (See pp.30-31 of Corter's deposition testimony attached hereto as Exhibit F).

17. Such inquiries were commonplace and when Corter could not help, when another officer cam into the station, that officer provided assistance and the problem was resolved. (Ex. A, Scandora aff 50-51 Ex H corter dep.26)

RESPONSE: Paragraph 17 is the subject of a separately filed motion to strike. Wihtout waiving the arguments raised in said motion, Defendants deny (See pp.30-31 of Corter's dep test, Exhibit F).

18. Neither the dispatcher nor Scandora spoke to DiMaio about this commonplace occurrence and he believes he learned of it from Chief Scavo. (Ex. C, DiMaio dep Pg 145).

RESPONSE: Defendants deny. The testimony cited by Plaintiff did not support the allegations contained in paragraph 18.

19. As she came off shift that morning, DiMaio handed her a memorandum in which he accused her of asking for assistance in booking a male prisoner and trying to take Corter away from his duties for that purpose. (Ex. a, Scandora aff 51, Defendant's Exhibit F).

RESPONSE: Defendants admit the reprimand was issued. Defendants deny Plaintiff has summarized it accurately (See a copy of the reprimand attached hereto as Exhibit J).

20. After Scandora had submitted her response, (Ex. C, DiMaio dep. Ex.14) Chief Scavo called in Corter and asked him about the incident, in which interview, Corter substantially corroborated Scandora's statement. (Ex. H, Corter dep. Pg 23-25). Scavo could not recall meeting either Corter or Scandora regarding this. (Ex. B, Scavo, pg 167-8, 187)

RESPONSE: Paragraph 20 is the subject of a separately filed motion to strike. Additionally, Defendants deny (See pp. 30-31 of Corter's dep test, Exhibit F). Additionally, the testimony Scandora cites does not support paragraph 20.

21. From December 11, 2003 to December 23, 2003, Scandora did not work having been returned to medical leave by her doctor. (Ex. A, Scandora affidavit par. 52, Ex A-3, Ex. B, Scavo dep. 169).

RESPONSE: Defendants admit.

22. On December 23, 2003, Scavo called Scandora into his office and terminated her for the stated reasons of insubordination, disrespect for her superiors and repeated violations of the chain of command. (Ex. B, Scao dep. Ex. 27)

RESPONSE: Defendants admit that Scandora was terminated for insubordination, disrespect of superiors and repeated violations of chain of command. Additionally, the

December 23, 2003 memorandum also identifies concerns about Scandora's truthfulness (See termination memorandum attached hereto as Exhibit K).

23. When the Village Clerk asked about the firing, she was informed by the mayor that the Chief could do as he wished and Scavo told her that his decision stood and Scandora was a liar. (Ex. F Saleme dep. Pg 18-19). Scavo stated he and he alone made this decision. (Ex. B, Scavo dep. Pg 44)

RESPONSE: Paragraph 23 is the subject of a separately filed motion to strike. Without waiving said motion, Defendants admit that Chief Scavo made the firing decision.

24. In answers to interrogatories, the Village stated the reason for termination was repeated violations of the general order precluding officers from having unauthorized possession of documents. (Ex. L, Village Answers to interrogatories)

RESPONSE: Defendants admit.

25. Prior to Scandora, no male probationary police officer had ever been disciplined or suspended for asking questions of or assistance from other officers or civilian employees or for violating the chain of command. (Scavo dep.225-226, 229, Ex., L and N, Village response to request for interrogatories and request for production)

RESPONSE: Paragraph 25 is the subject of a separately filed motion to strike. Without waiving said motion, Defendants admit that no male probationary officer has ever violated general order 02-002-0011.

26. A male probationary police officer, Phil Negron, had been involved in two automobile accidents in his probationary term, after Scavo had intervened to permit a retest in the academy. Chief Scavo's response was to call the officer in and ask whether something

in his personal life was causing difficulty, send him for defensive driving and have him forfeit some overtime pay. (Ex. J., Negron dep. Pg 30-32, Ex. B. Scavo 68-79).

RESPONSE:   Paragraph 26 is the subject of a separately filed motion to strike. Without waiving said motion, Defendants deny that Plaintiff has accurately recapitulated the testimony identified in paragraph 26 and therefore deny paragraph 26.

27.   When the same officer failed to appear at court, did not follow call in procedures, and other supervisors complained of his performance, Chief Scavo response was to merely extend his probationary period and he was not terminated. (Ex. J, Negron dep. Pg 56-7).

RESPONSE:   Paragraph 27 is the subject of a separately filed motion to strike. Without waiving said motion, Defendants deny paragraph 27 inasmuch as the testimony cited by Plaintiff do not support the allegations contained in paragraph 27.

28.   Another male probationary officer was, during his probationary period, videotaped using excessive force on a citizen. He was merely suspended for five days. (Ex. K)

RESPONSE:   Paragraph 28 is the subject of a separately filed motion to strike. Defendants deny that Plaintiff has accurately summarized the incident in question (See paragraphs, 9-13 of Scavo's affidavit, Exhibit D).

29.   When this same officer missed court, he was merely required to promise not to do so again. (Ex. K). When he failed to obey a direct order regarding his vehicle and responded to correction by stating to his superiors that he correction was a "bad joke", he was given a verbal warning that this was unprofessional and should not be repeated. (Ex. K)

RESPONSE:   Paragraph 29 is the subject of a separately filed motion to strike. Defendants admit that the officer in question was reprimanded by Lieutenant Laino for excessive force and Lieutenant Laino recommended a 5-day suspension, which the officer in question

accepted. Defendants object to the term "merely" suspended as it is "argumentative". The defendants also admit that the officer in question received a verbal warning as identified in Plaintiff's Exhibit K (See paragraphs 9-13 of Scavo's affidavit, Exhibit D).

30. There is conflicting and disputed testimony about the actions of DiMaio and the conversations concerning it between Scandora and Scavo prior to the termination. (Ex. A pg 118-119, 7/14 dep. 19-20, 42-44, Scandora aff.28-31).

RESPONSE: Paragraph 30 is the subject of a separately filed motion to strike. It is also vague, incomprehensible and nonsensical. Defendants are at a loss to understand what Scandora is alleging in paragraph 30.

31. The general order precludes only unauthorized possession for tapes and files and it is undisputed that Scandora never had unauthorized possession of such tapes or files. (Def. Ex. C).

RESPONSE: Paragraph 31 is the subject of a separately filed motion to strike. Additionally, Plaintiff has misstated both the content and parameters of the general order. General Order 02-002-0011 requires all requests for such materials to be submitted to the Chief (See Exhibit L attached hereto).

32. The Village contends that all its employees were aware of and trained in their obligations not to discriminate on the basis of sex. (Ex. D Sarni dep. 67-69)

RESPONSE: Defendants deny paragraph 32 inasmuch as the testimony cited by Scandora does not support her allegations.

33. Chief Scavo was the sole and final decision and policymaker for probationary employees of the Police Department. (Ex. B, Scavo, dep. Pg 44, Ex. F, Salemi dep pg 18-19). DiMaio testified he and Scavo discussed the fact, after the written reprimands, that

Scandora was probationary and if fired at that time, would not be able to seek review. (Ex. C, DiMaio, pg 167-169)

RESPONSE: Paragraph 33 is the subject of a separately filed motion to strike. Without waiving said motion, Defendants admit that DiMaio and Scavo discussed the fact that she could be terminated for any reason at any time while she is on probation and that by virture of violating these policies in such a short period of time, in conjunction with her downhill slide and her write-up before, that it might be time to terminate her (See pp.168-169 of DiMaio's dep test, Exhibit I). Defendants deny that Scavo and DiMaio discussed whether or not Scandora would be able to seek review of the decision (See p.169 of DiMaio's dep test, lines 6-16, Exhibit I).

                                                DOWD & DOWD, LTD.

                  By:     /s/ Patrick J. Ruberry_____
                            Attorney for Defendants,
                            VILLAGE OF MELROSE PARK
                            And VITO SCAVO

## CERTIFICATE OF SERVICE

I, an attorney, state Defendants' Response to Plaintiff's Statement of Additional Facts was served electronically to all law firms of record via ECF on May 16, 2007.

By: /s/ Patrick J. Ruberry _____
Attorney for Defendants

Patrick J. Ruberry
Dowd & Dowd, Ltd.
617 W. Fulton Street
Chicago, IL 60661
Tx: 312/704-4400
Fx: 312/704-4500